UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANGELA NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV421-033 |
| | ) |
| CHATHAM COUNTY | ) |
| TAX COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff, appearing *pro se*, has filed a Complaint challenging the assessment of local property taxes. Doc. 1. It does not appear that this Court has jurisdiction to consider her Complaint.[1] Plaintiff is **DIRECTED** file an Amended Complaint pleading jurisdiction. She is also **DIRECTED** to file a supplement to her motion to proceed *in forma pauperis*, fully providing all requested information.

---

[1] It is possible that Plaintiff intended to file this case in a state court. She has captioned her complaint for "the District Court of Chatham County." *See* doc. 1 at 1. There is no such entity. If plaintiff intended to file her Complaint in either the Superior or State Court of Chatham County, she remains free to voluntarily dismiss it, prior to the deadline for compliance with this Order, and refile it in her preferred forum.

Plaintiff's Complaint is nearly indecipherable. The Court understands that plaintiff is challenging the assessment of local property taxes relating to a piece of real property that transferred ownership. *Id.* 1 at 1–3. Plaintiff asserts that she should not be liable for taxes on the property, as she was not in possession at the beginning of the calendar year. *Id.* It is unclear for what purpose plaintiff has brought this suit. The first sentence of the Complaint implies that she is seeking review of a local property-tax assessment and a declaration that she has already satisfied her tax burden. *Id.* at 1. The damages section of her Complaint makes no reference to declaratory relief and, instead, seeks an award of one hundred million dollars in damages—presumably punitive— for the improper assessment.[2] *Id.* at 2. Regardless, of her intention, this Court does not appear to have jurisdiction to consider the claims.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff bears the

---

[2] Plaintiff inconsistently alleges acts attributable to "the city" and Chatham County. At no point in the Complaint is "the city" identified, though she does mention the non-existent "County of Savannah." Doc. 1 at 2.

burden pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Plaintiff has not carried this burden.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1441(b). Plaintiff has offered no indication as to which type of subject matter jurisdiction she asserts in this case. As explained below, neither type plausibly applies.

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court

must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Plaintiff has pointed to no federal statute or Constitutional provision that creates a cause of action in this case. Even adopting a liberal reading of her Complaint, the Court cannot discern any federal question that might be invoked by the alleged facts. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)). Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

In the absence of a federal question, the Court's subject matter jurisdiction might be drawn from the diversity of the parties. 28 U.S.C. § 1332. In order to establish diversity jurisdiction before the federal courts, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Typically, the Court will accept a damages claim offered by a party in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of

jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). In this case, the Court cannot accept that plaintiff's demand for $100,000,000.00 on a $1,304.55 tax bill is made in good faith. *Id.* at 289. (when considering whether a purported damages amount is made in good faith, the Court must determine to "legal certainty that the claim is really for less than the jurisdictional amount."). In fact, it strains credulity to believe that damages in this case might approach the minimum statutory threshold of $75,000.

Regardless of the damages sought, plaintiff has not alleged complete diversity of the parties. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp.*, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). Both plaintiff and the Chatham County Tax Commission appear to be citizens of Georgia.[3] Doc. 1 at 1, 4. As complete diversity of the parties does not exist, plaintiff cannot base subject matter jurisdiction on diversity.

---

[3] At this stage, the Court makes no finding on whether the Chatham County Tax Commission is a legal entity capable of holding citizenship or being sued.

As jurisdiction is a threshold issue, the Court will afford plaintiff one opportunity to amend her Complaint to plead the grounds on which this Court might exercise jurisdiction over her claims.[4]  *See, e.g., Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2001) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Plaintiff is **DIRECTED** to file her Amended Complaint within fourteen days of this Order. Failure to file an Amended Complaint will result in a recommendation that this case be dismissed.

The Court notes that plaintiff has filed a second case against Chatham County Tax Commission. *See Nails v. City Chatham Cnty. Tax Comm'n*, CV4:21-032 (S.D. Ga Feb. 3, 2021). These cases present nearly identical claims, with the only observable distinction being the assessed

---

[4] [W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016).

property tax valuation and the named defendant. *Compare* doc. 1 *with Nails v. City Chatham Cnty. Tax Comm'n*, CV4:21-032, doc. 1 (S.D. Ga Feb. 3, 2021). In amending her complaint, plaintiff is **DIRECTED** to clarify if these cases presenting distinct causes of action or should be consolidated into a single matter.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. She has failed to provide all of the required information. *See id.* Specifically, when asked to declare whether she holds any cash, plaintiff responded with "excempt" [sic]. *Id.* at 2. Plaintiff has not explained her assertion that she is exempt from providing any of the requested information, and the Court is aware of no such exemption. When asked to identify her monthly expenses, she merely claimed that they amounted to exactly her claimed income without providing any indication as to what those expenses might be or their respective costs. *Id.* at 3.

As these omissions and ambiguities make it impossible for the Court to determine the veracity of her claim of indigency, plaintiff is **DIRECTED** to file a supplement to her pending motion using the provided form within 14 days of this Order. The Clerk of Court is

**DIRECTED** to forward with this Order a copy of the Application to Proceed in District Court Without Prepaying Fees or Cost (Long Form) (AO 239). Plaintiff is **DIRECTED** to file a supplement to her pending motion using the provided form within 14 days of this Order. In completing the supplement, plaintiff must answer every question to the best of her ability. If she does not possess the information requested, she may indicate such or provide her best estimate.

    **SO ORDERED**, this 21th day of May, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA