UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-033 |
| | ) | |
| CHATHAM COUNTY TAX COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Angela Nails, proceeding *pro se*, has filed a Complaint against the Chatham County Tax Commission challenging the assessment of property taxes on a piece of real property that transferred ownership during the 2020 tax year. *See, generally*, doc. 1. She also filed a motion for leave to proceed *in forma pauperis* (IFP). Doc. 2. After an initial review of the pleadings, the Court directed plaintiff to file an Amended Complaint identifying a basis for the federal courts to exercise subject-matter jurisdiction and clarifying whether the claims asserted are distinct from those in *Nails v. City Chatham Cnty. Tax Comm'n*, CV4:21-032, doc. 1 (S.D. Ga Feb. 3, 2021). Doc. 3 at 6–7. She was also directed to file a supplemental IFP motion providing all requested information. *Id*. at 7–8.

Plaintiff has filed an Amended Complaint and supplemental IFP motion, doc. 4; doc. 5; however, as they fail to establish jurisdiction or to comply with the express instructions of the Court's Order, this case should be **DISMISSED**.

As the Court explained in its May 5, 2021, Order, plaintiff must establish the subject-matter jurisdiction of this Court through her well-pleaded complaint. Doc. 3 at 2–3; *see also* Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction can be established through a complaint that presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1441(b). Plaintiff asserts that jurisdiction in this case is based on the existence of a federal question. Doc. 4 at 1.

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). The pleadings must contain more than a general or conclusory reference to the Constitution or federal law. *See Maul v. City of Selma, Ala.*, 2013 WL 5840201, at * 3 (N.D. Ala. Oct. 30, 2013) (federal question was not present where the reference to federal law was not substantial and where the complaint, when read as a whole, made only state law claims); *Bollea v. Clem*, 937 F. Supp. 2d 1344, 1352–53 (M.D. Fla. Mar. 28, 2013) (references to constitutional privacy did not establish subject-matter jurisdiction where the claims did not succeed or fail on a Constitutional interpretation question); *see also Avitts v. Amoco Production Co.*, 53 F.3d 690, 694 (5th Cir. 1995) ("[S]ubject matter jurisdiction cannot be created by simple reference to federal law.").

Though plaintiff makes several general references to the United States Constitution and its guarantees of rights and equal treatment, she

has pointed to no specific Constitutional provision or federal statute that she alleges the defendant to have violated. *See, generally*, doc. 4. The closest that she comes to alleging a federal question is in asserting that the assessment of property taxes by Congress unconstitutional. Doc. 3 at 1. This is irrelevant to the instant case, which deals with taxes assessed by the state and local governments, not the federal government. As plaintiff has failed to establish jurisdiction, the Complaint should be **DISMISSED**. Fed. R. Civ. P. 12(h)(3).

Dismissal is also warranted because plaintiff has failed to comply with the Court's Order. This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L. Civ. R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. Jun. 10, 1992). The Court directed plaintiff to explain whether the claims raised in this case were distinct from the virtually identical claims raised in *Nails v. City Chatham Cnty.*

*Tax Comm'n*, CV4:21-032, doc. 1 (S.D. Ga Feb. 3, 2021). Doc. 3 at 6–7. The Amended Complaint ignores this issue. *See* doc. 4.

The supplemental IFP motion is also non-compliant. Despite the Court's direction that the supplement answer all presented questions, it does not provide the source of $144 of claimed monthly income, the estimated value of jewelry, plaintiff's age, nor her educational level. Doc. 5 at 2, 3, & 5. The Court also identified as a deficiency plaintiff's unsupported assertion of an exemption to disclosing certain assets. Doc. 3 at 7–8. The supplemental application again answers "excempt [sic]" when asked to provide the values of her assets. Doc. 5 at 2. Plaintiff alleges that "Georgia state, fed laws person is excempt [sic] from books, cars, accounts savings, checking." *Id*. No statutory authority has been provided for this assertion and the Court is aware of no such exemption. As plaintiff has failed to comply with the Orders of the Court, the Complaint should be **DISMISSED**.

Accordingly, the Court **RECOMMENDS** that the Complaint be **DISMISSED** for lack of subject-matter jurisdiction and for plaintiff's failure to comply with the Court's Order. This report and recommendation (R&R) is submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of June, 2021.

                                                                                           
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA